UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GLEN T. DOTSON, | ) |
| Petitioner, | ) |
| v. | ) No. 4:10CV888 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. After reviewing the case, the Court has determined that petitioner is not entitled to relief. As a result, the petition will be dismissed.

**Background**

On May 12, 2008 a jury found Petitioner Glen T. Dotson ("Petitioner") guilty of conspiracy to commit murder-for-hire and conspiracy to deliver a firearm to a convicted felon. On October 9, 2008, Petitioner was sentenced to 240 months incarceration in federal prison. Petitioner appealed his conviction and sentence to the Eighth Circuit United States Court of Appeals, which, on July 7, 2009, affirmed his conviction and sentence. Petitioner is currently serving his sentence at United States Penitentiary, Leavenworth.

# Grounds for Relief

Petitioner Dotson alleges the following grounds for relief:

## *Ineffective Assistance of Counsel*

Trial counsel was ineffective due to his failure to:

1. Present evidence supporting Petitioner's alibi regarding the firearm transaction;

2. Impeach witness Gregory Stump's testimony;

3. Present testimonial witnesses;

4. Inform the trial court of his alleged conflict of interest; and

5. Allow Petitioner or anyone else to testify during his sentencing hearing.

## *Due Process Violations*

Petitioner's due process was violated:

1. Due to prosecutorial misconduct at trial;

2. When the trial court dismissed a juror *sua sponte*; and

3. By the trial court's evidentiary rulings regarding the admission of four firearms and hearsay testimony.

### **Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

3

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's remaining claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## Discussion

### *Petitioner's Ineffective Assistance of Counsel Claims*

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648,

4

658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is

5

not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

6

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. *Hall v. Luebbers,* 296 F.3d 385, 692-693 (8th Cir.2002); *Griffin v. Delo,* 33 F.3d 895, 903-904 (8th Cir.1994).

Petitioner alleges that his trial counsel was ineffective due to his failure to present evidence supporting Petitioner's alibi regarding the firearm transaction. Petitioner has submitted statements by his son Glen A. Dotson, co-defendant Virgil Jackson, and Petitioner himself that purport to provide an alibi for the transaction of a firearm between Petitioner and Gregory Stump. Petitioner contends that on October 22, 2005, he and his son were "far away" from the volleyball park where the sale of the gun was said to have taken place. Petitioner, contends that he and his son were working for Gene McNulty Contruction on the morning of October 22, 2005, and then he met up with Stump's employer, Joe York, to see if he was interested in purchasing dump truck tires. According to Petitioner, York was interested in purchasing the tires and Petitioner agreed to bring them to York's shop at 2:00 p.m.. Glen A. Dotson's, Petitioner's son, written statement supports Petitioner's story. Generally, Petitioner and Glen A. Dotson's statements contend that because they were delivering tires to York on the day of the alleged illegal gun transaction, Petioner could not have been at the volleyball

7

park at noon to sell Stump the firearm. Petitioner contends that his trial counsel's failure to present this evidence constitutes a valid ineffective assistance of counsel claim.

Petitioner's first ineffective assistance of counsel claim fails to meet the *Strickland* requirements. Much of the alibi testimony that Petitioner submitted with his §2255 Petition was not available to trial counsel leading into the trial. Based on trial counsel's affidavit [*see* ECF No. 9-1, Affidavit of Ronald E. Jenkins], neither Petitioner nor his son Glen A. Dotson ever mentioned the October 22, 2005 alibi. Furthermore, affiant Jenkins stated that he was never told about Petitioner working for Gene McNulty Construction in St. Louis on the day in question. *Id.* Affiant Jenkins swore under oath that if he would have been informed about these issues, he would have checked the construction company's employee payment records for corroboration, and he would have submitted the alibi into evidence. *Id.* With this in mind, Petitioner has failed to show that counsel's performance "fell below an objective standard of reasonableness." *Strickland*, 466 at 687-88. Additionally, trial counsel stated in his affidavit that his decision not to allow Glen A. Dotson to testify was part of his trial strategy. *See* ECF No. 9-1. Under the *Strickland* analysis, "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually

unchallengeable." *Strickland*, 466 at 691. Such is the case here, and as a result, Petitioner's first point for ineffective assistance of counsel fails.

Petitioner further alleges that trial counsel was ineffective due to his failure to impeach witness Gregory Stump's testimony. During trial, Stump testified that Petitioner "come [sic] out from the Grand Jury and he looked at me and he said, 'I didn't tell them a thing.'" *See* ECF 1-1 at 14. Petitioner contends that Stump's comment was false because a) he never said that to Stump, and b) he was never in a Grand Jury room. Petitioner acknowledges that after Stump offered this statement, trial counsel immediately objected, requested a bench conference and moved for a mistrial, which the Court denied. Despite these acknowledgments, Petitioner still asserts that trial counsel was ineffective due to his failure to impeach Stump's statements. Based on the record, trial counsel chose not to address Stump's statement during cross examination because he was concerned that it may cause confusion for the jury. As stated above, counsel's "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 at 691. As such, Petitioner's claim that counsel was ineffective due to his failure to impeach Stump fails.

Next, Petitioner contends that trial counsel was ineffective when he refused to present witnesses to testify in Glen's defense. Petitioner alleges that his son Glen, co-defendant Virgil Jackson and Bill Jackson would have all testified that Petitioner did not sell Virgil Jackson the firearm in question, and that he was not at the volleyball court on the date of the incident. Trial counsel explained in his affidavit [*see* ECF No. 9-1] that he chose not to interview Glen A. Dotson because he was "very concerned about potential for cross-examination ... as a result of prior interviews [with federal agents]." Additionally, trial counsel stated in his affidavit that he contacted Virgil Jackson's attorney to see if Jackson would testify as a defense witness and Jackson's attorney told him he would not do so. *Id.* Based on trial counsel's affidavit, his decision not to present the witnesses in question was purely based on trial strategy. As explained above, trial counsel's trial strategy is "virtually unchallengeable." *Strickland*, 466 at 691. As such, this portion of Petitioner's ineffective assistance of counsel claim also fails.

Petitioner also alleges that trial counsel was ineffective and he suffered from a critical conflict of interest because he allegedly allowed prosecutors and federal agents to hunt on his farm property in upstate Missouri. Petitioner doesn't offer any exhibits that support this allegation. To establish a conflict of interest, the defendant must show that defense counsel "actively represented conflicting

interests," and this conflict "adversely affected his lawyer's performance." *Caban v. U.S.,* 281 F. 3d 778, 781 (8th Cir. 2002); quoting *Cuyler v. Sullivan,* 446 U.S. 335 (1980). Petitioner has failed to establish counsel was ineffective due to the alleged conflict of interest under the *Cuyleri* and *Caban* analysis. He merely offers an unsupported allegation with no facts to back it up. As such, his conflict of interest claim also fails.

Petitioner's final claim for ineffective assistance of counsel is a one sentence claim that alleges counsel was ineffective for not allowing Petitioner's family members, who were present at sentencing, to testify at the sentencing on his behalf. The transcript from the sentencing proceeding reflects that the Court granted Petitioner allocution, and he was provided the opportunity to discuss as to why his sentence should not be imposed. Additionally, any decision by Petitioner's trial counsel to not have Petitioner's family members testify on his behalf relates to counsel's trial strategy. Again, as explained above, trial counsel's trial strategy is "virtually unchallengeable." *Strickland*, 466 at 691. As such, Petitioner's ineffective assistance of counsel claim fails.

### *Petitioner's Due Process Violation Claims*

Petitioner alleges that his right to due process and a fair trial was violated by prosecutorial misconduct. Respondent contends that because Petitioner failed to

11

raise the prosecutorial misconduct claim during his trial or on direct appeal, this claim is procedurally barred. "Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68 (1982), or showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." *Ramey v. U.S.*, 8 F.3d 1313 (8th Cir.1993); *United States v. Smith,* 843 F.2d 1148, 1149 (8th Cir.1988). Petitioner failed to raise his prosecutorial misconduct claim during trial or on direct appeal. *See* ECF No. 1 at 2. Petitioner has failed to show he was prejudiced, or that the alleged errors were fundamental defects resulting in a miscarriage of justice. *Ramey*, 8 F.3d at 1314. As such, his prosecutorial misconduct claim is procedurally barred.

 Petitioner also claims that his due process was violated by the trial court when it dismissed a juror *sua sponte*. Respondent contends that this claim should also be procedurally barred, as Petitioner failed to raise this issue at trial or on direct appeal. As stated above, §2255 relief is not available to correct errors which could have been raised at trial or on direct appeal. *See Frady*, 456 U.S. at 167-68. As such, this claim is procedurally barred from § 2255 review.

 Petitioner's final claim alleges that his due process was violated by the trial court's evidentiary rulings regarding the admission of four firearms and hearsay

12

testimony. This claim is also procedurally barred from §2255 review due to Petitioner's failure to raise the issue at trial or on direct appeal. *See Id.*

### Conclusion

All of Petitioner's ineffective assistance of counsel claims fail under the *Strickland* analysis. Further, his ineffective assistance of counsel claim due to the alleged conflict of interest fails under the *Cuyleri* and *Caban* analysis. Additionally, all of Petitioner's due process violation claims are procedurally barred due to Petitioner's failure to raise the issues at trial or on direct appeal.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 18th day of April, 2013.

                                              HENRY EDWARD AUTREY
                                           UNITED STATES DISTRICT JUDGE